698

(112 So. 926)
Thomas (alias Charley) WILLIAMS, alias Pork Chops, v. STATE. (1 Div. 712.) Court of Appeals of Alabama. April 12, 1927. Saffold Berney, Judge.

BRICKEN, P. J. This appellant was convicted of the offense of grand larceny and appealed. His appeal here is predicated upon the record proper, as no bill of exceptions is in the transcript. The record appears regular in all things. Let the judgment of conviction stand affirmed. Affirmed.

(112 So. 926)
Wes WILLIS v. STATE. (6 Div. 244.) Court of Appeals of Alabama. May 10, 1927.

R. L. Blanton, Judge. J. C. Milner, of Vernon, for appellant. Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. The original prosecution in this case was begun in the county court, and the charge was violating the state prohibition law. From a conviction in the county court an appeal was taken to the circuit court; the trial there resulting in the conviction of the accused, judgment was accordingly pronounced and entered, from which this appeal, which is upon the record only, was taken. The record in this case has been duly examined and appears regular in all things. No error being apparent thereon, the judgment of conviction in the lower court is affirmed. Affirmed.

(112 So. 926)
Alf WILSON v. STATE. (2 Div. 374.) Court of Appeals of Alabama. April 19, 1927. H.

F. Reese, Judge.

A. W. Stewart, of Marion, for appellant.
Brief of counsel did not reach the Reporter.

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

BRICKEN, P. J. We regard the controlling and only material question in this case to be: Was there sufficient evidence against the defendant to go to the jury? In other words, under all the evidence, was the accused entitled to the affirmative charge? No brief has been filed here in behalf of the appellant, but it is manifest that appellant takes the position he was entitled to have the verdict directed in his favor. We cannot so hold, however. In our opinion, a jury question was presented by the evidence which tended to show, without dispute, that the searching officers found in his place of business a bucket practically full of whisky. The testimony discloses that the bucket of whisky was sitting upon a table in the kitchen of defendant's restaurant, and that the defendant and others were present in the restaurant when the whisky was found on the table in the kitchen. The defendant strenuously denied any and all knowledge of the whisky being there; also that he had anything to do with the whisky. He could not, or did not, explain how the whisky happened to be in his kitchen on the table. The rulings of the court in connection with the filing of the complaint by the solicitor in no manner involved the substantial rights of the accused. It is apparent that he suffered no injury in this connection. The law governing the issue involved upon this trial was stated fully, fairly, and ably by the trial court in its oral charge. The oral charge fairly and substantially covered such of the refused charges as contained correct statements of the law; therefore the court will not be put in error for refusing said charges. The judgment of conviction, from which this appeal was taken, is affirmed. Affirmed.

(114 So. 927)
G. D. WILSON v. J. R. FONDREN. (4 Div. 328.) Court of Appeals of Alabama. Nov. 15, 1927.

H. A. Pearce, Judge.
SAMFORD, J. Affirmed.

(117 So. 927)
Susie WILSON v. STATE. (6 Div. 448.) Court of Appeals of Alabama. June 5, 1928.

J. C. B. Gwin, Judge. Violating prohibition law.
BRICKEN, P. J. Appeal dismissed on motion of appellant.

(114 So. 927)
C. L. WINDHAM v. A. D. COBB, Notary Public, etc. (4 Div. 357.) Court of Appeals of Alabama. Nov. 8, 1927.

PER CURIAM. Petition dismissed by consent of parties.

(112 So. 927)
Cæsar WITHERSPOON, alias Weatherspoon, v. STATE. (6 Div. 110.) Court of Appeals of Alabama. May 10, 1927. Henry B. Foster, Judge. Distilling.

BRICKEN, P. J. Appeal dismissed on motion of appellant.